## IN THE COURT OF APPEALS OF IOWA

No. 16-1096
Filed August 17, 2016

**IN THE INTEREST OF A.W.,**
**Minor child**.

**D.F., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Barbara E. Maness, Davenport, for appellant father.

Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant Attorney General, for appellee State.

Patricia A. Rolfstad, Davenport, for minor child.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ. Tabor, J., takes no part.

**VAITHESWARAN, Judge.**

A father appeals the termination of his parental rights to his child, born in 2014. He contends (1) the State failed to prove that the circumstances leading to adjudication continued to exist, (2) the State failed to prove the child could not be returned home, and (3) termination was not in the child's best interests.

The first argument raises a ground which was neither pled nor cited in the termination decision. *See* Iowa Code § 232.116(1)(d)(2) (2015). Accordingly, we decline to address it.

We turn to the second argument. The district court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(h), which requires proof of several elements, including proof the child cannot be returned to the parent's custody. On our de novo review, we agree this ground was satisfied.

The father had a relationship with the child's mother that began at least eight months before the birth of the child. He visited the child immediately following the birth in October 2014, and at that time was informed by the mother that he was not the father. He continued to have contact with the child for the ensuing two or three months. After that point, the mother curtailed further interactions.

The mother and child came to the attention of the department of human services in late April 2015, based on assertions that the mother was caring for the child while under the influence of marijuana. A month later, the child was removed from her care and placed in foster care, where he remained throughout the proceedings.

The mother informed the department that a man named A.B. was the child's father. Paternity testing on A.B. was not completed for several months and eventually disclosed A.B. was not the father. Subsequent testing confirmed the biological father as the man who visited the child after the birth—the appellant father.

The department of human services facilitated twice-weekly supervised visits between father and child. The father participated in twenty-one out of fifty-six visits. While he testified his work schedule conflicted with some of the visits, he acknowledged others were missed because he overslept.

The father interacted appropriately with the child during the supervised visits he attended. However, untreated substance abuse concerns prevented him from advancing to unsupervised interactions.

The father testified he did not need substance abuse treatment. As of the termination hearing, he had yet to participate in a substance abuse evaluation or other treatment services recommended by the department. Shortly before the termination hearing, the father pled guilty to possession of heroin. He admitted using marijuana "once or twice" a week, with his last usage occurring three weeks before the termination hearing.

The father points out that the department did not recommend drug treatment until two months before the termination hearing. But before then, there was some question about whether treatment was needed because a urine test was negative for marijuana.[1] The department recommended treatment only after a second urine sample tested positive for marijuana. At this point, the father

---

[1] A subsequent hair test was positive for marijuana.

declined another drug test and did not cooperate with scheduling treatment services.

In sum, the father failed to attend close to half the scheduled visits with his child, continued to use drugs, and refused drug treatment services. We conclude the child could not be returned to the father's custody in the immediate or imminent future.

We are left with the father's argument that termination was not in the child's best interests. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). A service provider who supervised visits was unconvinced the child recognized the father as his "dad," given the limited parent-child interactions. She did not see the benefit of additional time to work toward reunification. Had the father consistently participated in visits, we might have disagreed with this conclusion. His sporadic attendance leaves doubts about his commitment to fostering a bond with his child. And his untreated substance abuse raises concerns about the child's safety in his care. Accordingly, we agree termination was in the child's best interests.

**AFFIRMED.**